FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -9 AM 11:01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

H.S. STANLEY, JR., in his capacity as          CIVIL ACTION
Trustee of the Bankruptcy Estate of
GARY EUGENE HALE

VERSUS                                          NO. 02-1235-ML-SS

CLARE W. TRINCHARD, ESQ., et al

### ORDER

PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF MOTION TO COMPEL CLAIMS FILE DISCOVERY (Rec. doc. 318)

**GRANTED IN PART AND DENIED IN PART**

  The plaintiff, H. S. Stanley, in his capacity as Trustee of the Bankruptcy Estate of Gary Eugene Hale ("Stanley"), seeks an order requiring Lincoln Insurance Company ("Lincoln") to produce certain documents from Lincoln's claims files related to an excess policy. On May 31, 2005, Stanley filed a motion to compel claims discovery from Lincoln. Rec. doc. 253. On July 6, 2005, the District Court granted Lincoln's motions for summary. Rec. doc. 312. On July 12, 2005, Stanley's motion to compel was dismissed as moot. Rec. doc. 316.

  Stanley contends that Lincoln's dismissal should not relieve it from responding to the subpoena. He urges that the documents remain relevant to his claims that Northwestern National Insurance Company of Milwaukee, Wisconsin, and the Trinchards should have been aware of

Lincoln and placed it on notice of the underlying Burge claim. Lincoln raises objections to the motion to reconsider. If the motion to compel is reconsidered, it contends that the documents identified on its revised privilege log are protected from disclosure.

Stanley's motion to compel sought the production of 110 documents that Lincoln contended were protected from disclosure. Lincoln responded that only thirteen documents may be at issue and the parties were working to resolve as many issues as possible. The motion was continued and the parties were ordered to confer and submit supplemental memoranda. Rec. doc. 278. Lincoln submitted a supplemental memorandum which identified twenty-three documents that it contended were protected from disclosure. Rec. doc. 297. The documents related to two different claims. There are twenty-one documents regarding the claim of Terry Knope against the Terrebonne Parish Sheriff. There are two documents concerning the claim of Patsy Thomas.

All but two of the Knope claim documents are either letters from Randall Bethancourt, the attorney for the Terrebonne Parish Sheriff, or letters to him. Most of the letters authored by Bethancourt are addressed to the claims manager for American Druggists, the primary insurer on the claim, with copies to a representative of Lincoln, the excess insurer. There are two letters from Bethancourt to representatives of Lincoln. There are letters from the American Druggist claims manager to Bethancourt with copies to a Lincoln representative. The documents to or from Bethancourt will be referred to as the "Bethancourt documents."

Stanley acknowledges that Bethancourt and American Druggist did not waive the attorney-client privilege by copying Lincoln as the excess insurer. He contends that only American Druggist and the Terrebonne Parish Sheriff may assert the privilege. The issue is whether Lincoln may assert

the privilege over the Bethancourt documents. The privilege belongs to the client. Where privileged communications are shared with a third party in circumstances where the privilege is not lost, the holder of the privilege or his lawyer must be given notice and allowed to intervene to preserve the privilege. Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, A.B.A., Sec. of Lit. (4th Ed. 2001), pp. 32-34. Lincoln must be given an opportunity to notify Bethancourt or his client that the documents were subpoenaed. If they do not intervene to preserve the privilege, then Lincoln must produce the documents to Stanley.

Two of the documents (L-1444-46) were authored by the attorney for Lincoln regarding the Knope claim and sent to the attorney for American Druggist. If neither Bethancourt nor his client intervene to protect the privilege on the Bethancourt documents, then these two documents must also be produced by Lincoln.

Two of the documents (L-1241-42) are letters from the claims manager for American Druggist to attorneys for the Louisiana Sheriff's Association regarding the Thomas claim. Lincoln was sent copies of these documents. Lincoln must be given an opportunity to notify the attorneys for the Sheriff's Association that the documents were subpoenaed. If they do not intervene to preserve the privilege, then Lincoln must produce the documents to Stanley.

The parties shall proceed as follows:

1. Within five (5) working days of the entry of this order, Lincoln must notify the attorneys for Terrebonne Parish Sheriff and the Louisiana Sheriffs' Association that the documents withheld by Lincoln were subpoenaed by Stanley and that they or their clients must intervene in this proceeding by Tuesday, September 6, 2005, in order to

preserve the attorney-client privilege.

2. If neither the attorneys nor their clients intervene by Tuesday, September 6, 2005, then Lincoln shall produce the documents to Stanley by Friday, September 9, 2005.

IT IS ORDERED that Stanley's motion to reconsider dismissal of motion to compel claims file discovery (Rec. doc. 318) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 8th day of August, 2005.

SALLY SHUSHAN
United States Magistrate Judge