FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 15 PM 3:18

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

H.S. STANLEY, JR., ET AL                CIVIL ACTION

versus                                   NO. 02-1235

CLARE W. TRINCHARD, ESQUIRE, ET AL       SECTION: E/4

### ORDER and REASONS

Defendant Northwestern National Insurance Company of Milwaukee, Wisconsin's ("NNIC") motion for summary judgment (r.d. #332) is before the Court. Oral argument was heard on February 1, 2006. After consideration of the parties' memoranda and argument, the evidence and the law, the motion is granted.

### BACKGROUND

The facts of this case are set out in this Court's Order and Reasons dated August 1, 2005, at record document #322, and will not be repeated here. The plaintiff herein, H. S. Stanley, Jr., ("Stanley") is the Trustee of Gary Hale's bankruptcy estate. Stanley sued NNIC alleging that NNIC is liable to Hale, NNIC's insured, "for breaches of the fiduciary duties of good faith and fair dealing owing to Mr. Hale as an insured..." Complaint, ¶35. He alleges that these breaches occurred in the following manner:

> 1)  Providing Gary Hale a perfunctory legal defense tainted by conflicts specifically resulting in poor communication and misrepresentations to Hale about coverage;

___ Fee_____
___ Process_____
_X_ Dktd_____
_V_ Ct mDep_____
___ Doc. No_____

    2)    Failing to settle for an amount less than the maximum applicable policy limits of $1,000,000 with a full release of Gary Hale;

    3)    Settling for an amount of less that applicable policy limits and withdrawing the defense without obtaining a complete release of Gary Hale, thereby forcing Hale to defend himself at trial; and

    4)    Failing to notify Lincoln Insurance of the Burge claim, as has been done by its sister company, ADIC, and failing to notify Lincoln Insurance of settlement demands.

See Stanley Opposition, p. 4.

NNIC argues that it is entitled to summary judgment because (1) Hale suffered no damages; (2) any obligation it may have to Stanley/Hale is extinguished by confusion (La. Civ. Code art. 1903) since Burge would owe NNIC indemnity for that obligation; (3) pursuant to the terms of its policy and the law, NNIC had no obligation to defend Hale once it paid its policy limits for this non-covered claim, nor to settle uncovered claims that were outside of its policy period, nor to search for excess coverage; and, (4) NNIC cannot be held liable for any alleged ethical conflicts by its attorneys.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct.

2548, 91 L. Ed. 3d 265 (1986). An issue is material if its resolution could affect the outcome of the action. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party "is not required to present evidence proving the absence of a material fact issue." <u>Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 544 (5th Cir. 2005). Rather, the movant may meet its burden "by simply 'pointing to an absence of evidence to support the nonmoving party's case.'" <u>Id.</u>, quoting <u>Armstrong v. Am. Home Shield Corp.</u>, 333 F.3d 566, 568 (5th Cir. 2003). Alternatively, where, "as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting ... evidence negating the nonmoving party's claim ... ." <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998).

"If the moving party carries its initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of material fact." <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 465 (5th Cir. 1999). The nonmoving party then "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." <u>Lawrence v. Univ. of Tex. Med. Branch at Galveston</u>, 163 F.3d 309, 311-12 (5th Cir. 1999), quoting <u>Wallace v. Texas Tech. Univ.</u>, 80

F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations."  Id.

In Louisiana, for tort liability to attach, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform its conduct to a specific standard of care (the duty element); (2) the defendant failed to conform its conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element).  Pinsonneault v. Merchants & Farmers Bank & Trust Company, 2001-2217 (La. 4/3/02), 2002 WL 497011 (La.); Goins v. Wal-Mart Stores, Inc., 01-11 (La. 11/29/01), 800 So.2d 783, 788 (La.); Posecai v. Wal-Mart Stores, Inc., 99-1222 (La. 11/30/99), 752 So.2d 762,765 (La.).  A plaintiff's failure to prove any single element is fatal to recovery.  Goins, 800 So.2d at 788.

Stanley alleges that NNIC owes Hale compensatory damages and penalties pursuant to La. R.S. 22:1220 because it negligently breached its statutory duty of good faith and fair dealing.  Under that statute an insurer owes to its insured a duty of good

faith and fair dealing.  La. R.S. 22:1220A.  "Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."  Id.  The following acts "*if knowingly committed or performed by an insurer*", constitute a breach of the insurer's duties:

1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge and consent of, the insured.
4) Misleading a claimant as to the applicable prescriptive period.
5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

La.R.S. 22:1220B (emphasis added).  In Theriot v. Midland Risk Insurance Co., 694 So.2d 184 (La. 1997), the Louisiana Supreme Court interpreted Title 22:1220B, and held that where the legislature lists specific prohibited acts, and couples that list with a concomitant scienter requirement, "only the commission of the specific acts listed in La. R.S. 22:1220B can support a private cause of action for breach of the statute."  Id. at pp. 187-88, 193.

To prevail on his claim of breach of duty pursuant to Section 1220B, Stanley must prove that NNIC "knowingly committed actions which were completely unjustified, without reasonable or

probable cause or excuse." Holt v. Aetna Cas & Sur. Co., 680 So.2d 117, 130 (La. App. 2 Cir. 1996), reh'g denied, writ denied 684 So.2d 937 (La. 12/6/96, writ denied 684 So.2d938 (La. 12/6/96), *citing* Louisiana Maintenance v. Certain Underwriters, 616 So.2d 1250 (La. 1993). Because the statute provides for penalties as well as compensatory damages, it must be strictly construed. Holt, id. "The party seeking damages must prove that the insurer's actions or failure to act were unjustifiable." Id. The insured's burden is a heavy one. Id. Finally, "Louisiana courts have recognized that insurance companies have a right to litigate questionable claims without being subjected to damages and penalties." Id. at 131, *citing* Darby v. Safeco Insurance Company of America, 545 So.2d 1022 (La. 1989).

The statute does not impose a duty to provide adequate, "truly independent" legal representation "untainted" by conflicts of interest; to properly supervise counsel retained by NNIC to prevent malpractice; to settle with a "full release" of Hale; to provide counsel beyond the scope of the policy provisions; or to advise the insured of excess liability insurance coverage and to place the excess insurer on notice of the claim against NNIC. *See* Complaint, ¶36a-i. Stanley has not identified any jurisprudence that imposes these duties on an insurer. The statute does prohibit "misrepresenting pertinent facts or

insurance policy provisions relating to any coverages at issue". La. R.S. 22:1220(B)(1).

Assuming for the moment that Stanley's Complaint does allege that NNIC misrepresented facts or policy provisions relating to Hale's coverages, Stanley has not identified any facts or produced any evidence to support that allegation. Both the Complaint and the opposition to NNIC's motion for summary judgment acknowledge that the scope of the insurance coverage, both temporal and monetary, was "hotly contested" during the underlying Burge trial. See <u>Burge v. St. Tammany Parish et al</u>, No. 91-2321, <u>Order and Reasons</u> granting in part and denying in part NNIC's motion for summary judgment on coverage issues, r.d. #330; Complaint, ¶¶18 - 25; Opposition Memorandum, p.4. Prior to the trial a settlement was reached among all parties "whereby Mr. Burge agreed to accept the amount of $75,000 in exchange for a *full* release of Northwestern National and a *partial* release of Mr. Hale and the Sheriff ...." See <u>Burge v. St. Tammany Parish et al</u>, No. 91-2321 at r.d. #466; Complaint, ¶25. At that time, Burge, Hale, Sheriff Strain and NNIC were all represented by counsel, and all agreed to be bound by the terms of the settlement.[1] No one has moved to set that settlement aside.

---

[1] Hale executed a "Release and Acknowlegement" on January 13, 2001, agreeing to the settlement. He was represented by counsel appointed by NNIC.

Stanley's Complaint alleges, and his opposition to NNIC's motion for summary judgment argues, that counsel's representation of Hale was tainted by conflicts of interest and malpractice culminating in poor communication and misrepresentations to him regarding the scope of the insurance coverage.[2] Accepting the allegations in the Complaint as true, Stanley has not stated a cause of action under La.R.S. 22:1220, nor has he produced any evidence that NNIC itself knowingly and directly misrepresented pertinent facts and policy provisions relating to Mr. Hale's insurance coverage, and thereby breached any of the duties of care imposed upon it by the statute.

Moreover, even assuming for the purposes of this motion for summary judgment that NNIC did breach a duty of care to Hale, this Court has already held that Hale suffered no damages.[3] Since Stanley cannot meet his heavy burden of proving the breach element or the damage element of his tort claim against NNIC, that claim necessarily fails.[4]

**ACCORDINGLY;**

---

[2] This Court previously granted Hale's counsel's motion for summary judgment on Stanley's malpractice claims. See Order and Reasons, dated August 1, 2005, r.d. #322.

[3] See Order and Reasons dated August 1, 2005, at record document 322.

[4] It is not necessary for the Court to address NNIC's argument that any obligation it may have to Stanley/Hale is extinguished by confusion (La. Civ. Code art. 1903).

**IT IS ORDERED** that defendant Northwestern National Insurance Company's motion for summary judgment against plaintiff H.S. Stanley, Jr., is **GRANTED**, and that H.S. Stanley, Jr.'s, claims against the defendant **BE DISMISSED WITH PREJUDICE**; and,

**IT IS FURTHER ORDERED** that plaintiff's motion in limine regarding testimony of Allan D. Windt, record document #329, **BE AND IS HEREBY DENIED AS MOOT**.

New Orleans, Louisiana, February 15, 2006.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge