```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


H. S. STANLEY, JR.,                              CIVIL ACTION
in his capacity as Trustee of the Bankruptcy
Estate of Gary Eugene Hale

VERSUS                                           No. 02-1235

CLARE W. TRINCHARD, ESQ., et al.                 SECTION: I/1
```

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by plaintiff, H.S. Stanley ("Stanley").[1] For the following reasons, Stanley's motion is **DENIED**.

### BACKGROUND

On July 8, 2008, the Court entered an order granting defendants', Clare W. Trinchard, Trinchard & Trinchard, L.L.C., and Clarendon National Insurance Company's (collectively "Trinchard"), motion for summary judgment[2] and dismissing Stanley's claims against Trinchard.[3] In that order, the Court held that (1) Stanley's vicarious liability claims against Trinchard based on the alleged legal malpractice of its associate, Lea Ann Schell ("Schell"), are time-barred; (2) Section 108 of the Federal Bankruptcy Code does not alter or affect the peremptive periods set

---

[1] Rec. Doc. No. 453.

[2] The motion for summary judgment was Trinchard's fourth motion for summary judgment.

[3] Rec. Doc. No. 449.

forth in Louisiana's legal malpractice statute; and (3) Hale's malpractice claims against Trinchard are time-barred.

On July 18, 2008, Stanley filed this motion requesting that the Court reconsider its July 8, 2008, order granting Trinchard's motion for summary judgment.[4] Stanley asserts that such reconsideration is necessary because the Court incorrectly determined that (1) Section 108(a) does not alter or affect peremptive periods as defined in Louisiana Civil Code Article 3458;[5] (2) Stanley's malpractice claims against Trinchard are time-barred; and (3) Stanley's vicarious liability claims against Trinchard based on Schell's alleged misconduct are time-barred.

## LAW AND ANALYSIS

### I.   STANDARD OF LAW

#### A.   MOTION FOR RECONSIDERATION

"In the Federal Rules of Civil Procedure there is no 'motion for reconsideration' *in haec verba*. *Harrington v. Runyon*, 98 F.3d 1337, at *1 (5th Cir. 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). "Any motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment

---

[4] Rec. Doc. No. 453.

[5] The text of Article 3458 reads:

Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.

2

under Rule 60(b)." *Id.*

If a motion for reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). Considering the fact that the order at issue was entered on July 8, 2008, and Stanley filed this motion on July 18, 2008, Stanley's motion is properly considered as a Rule 59(e) motion.[6] *See, e.g., Flethcer v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in

---

[6]The court notes that for purposes of computing time, weekends and legal holidays are not included in the computation when the time period at issue is less than eleven (11) days. Fed. R. Civ. P. 6(a)(2).

response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.*

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, No. CIV.A. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002) (Duval, J.).

## II. DISCUSSION

### A. APPLICABILITY OF SECTION 108(a)

11 U.S.C. § 108(a) provides:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of - -
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief.

According to Stanley, if Section 108(a) is applicable in this case, the Court's determination concerning the commencement of the

4

peremptive period applicable to Stanley's malpractice claims[7] is of little relevance because Section 108(a) would have provided Stanley, as Hale's bankruptcy trustee, additional time within which to assert the aforementioned claims.[8] Stanley asserts that the Court's refusal to recognize that Section 108(a) provided Stanley additional time to file his malpractice claims against Trinchard ignores the supremacy of federal law over state law and the doctrine of preemption.[9] Stanley argues that, with respect to Section 108(a), it is clear that Congress intended to preempt all state limitation periods, including Louisiana's preemption period for legal malpractice, upon the filing of a bankruptcy lawsuit.[10]

Stanley's arguments herein are simply a regurgitation of Stanley's arguments in opposition to Trinchard's motion for summary judgment,[11] which arguments the Court previously considered in their entirety.[12] Accordingly, Stanley's motion for reconsideration is

---

[7] As will be explained herein, the Court determined that the peremptive period applicable to Stanley's malpractice claims against Trinchard commenced no later than March, 2001.

[8] Rec. Doc. No. 453-4, p. 2.

[9] *Id*.

[10] *Id*. at p. 7.

[11] In its memorandum in opposition to Trinchard's motion for summary judgment, Stanley argued that, from both constitutional and federalism perspectives, Section 108(a) should supersede any conflicting interpretation or application of Louisiana's legal malpractice statute. Rec. Doc. No. 414, p. 26.

[12] When reviewing Trinchard's motion for summary judgment, the Court considered the possibility that Section 108(a) preempts the peremptive period applicable to Louisiana legal malpractice claims, and it even acknowledged that there is a reasonable argument that Section 108(a) may extend the

denied with respect to Stanley's arguments concerning Section 108(a).

### B. WHETHER STANLEY'S MALPRACTICE CLAIMS ARE PEREMPTED?

Louisiana's legal malpractice statute provides, in pertinent part:

> No action for damages against any attorney at law duly admitted to practice in [Louisiana], any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of [Louisiana] to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue **within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered**; however, even as to actions filed within one year from the date of such discovery, in all events such actions **shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**

La. Rev. Stat. Ann. § 9:5605A (emphasis added).

Based on the evidence presented in connection with Trinchard's

---

peremptive periods set forth in Louisiana's legal malpractice statute. Rec. Doc. No. 449, p. 15 n. 24. Nevertheless, in light of the fact that failure to timely assert a claim subject to a peremptive period results in the complete extinguishment of the right to assert that claim, the Court adopted Judge Livaudais' conclusion that the application of Section 108(a) to Stanley's malpractice claim would impermissibly alter substantive property rights as defined by Louisiana law. *Id*. at pp. 14-15. Therefore, the Court determined that Section 108(a) could not be applied in this case to extend the time within which Stanley was required to assert his legal malpractice claims against Trinchard. *Id*.

motion for summary judgment, specifically, portions of Gary Hale's ("Hale") and Mark W. Smith's ("Smith") deposition testimony,[13] the Court determined that the peremptive period applicable to Stanley's malpractice claims against Trinchard commenced no later than March, 2001.  *Id*. at p. 17.  Considering the fact that Stanley did not file his malpractice claims against Trinchard until April, 2002, the Court found that said claims are time-barred.  *Id*. at 18.

Stanley asserts that the Court's determination is erroneous on two counts: (1) the "fraud exception" set forth in La. Rev. Stat. Ann. § 9:5605E converted the peremptive period applicable to Stanley's malpractice claims to a "one-year prescription period," to which Section 108(a) of the Bankruptcy Code undoubtedly applies and (2) the record evidence indicates that the peremptive period applicable to Stanley's malpractice claims did not commence until September, 2001.[14]

### 1.   "THE FRAUD EXCEPTION"

Louisiana Revised Statute Section 9:5605E provides that the peremptive periods set forth in Section 9:5605A "shall not apply in cases of fraud, as defined in Civil Code Article 1953."[15]

---

[13]The Court was not provided with complete copies of Hale's and Smith's depositions.

[14]Rec. Doc. No. 453-4, pp. 8-9.

[15]Louisiana Civil Code Article 1953 provides:

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.  Fraud may also result from silence or inaction.

7

Stanley argues that, in light of the fact that the U.S. Fifth Circuit previously determined that Stanley effectively pled fraud, Section 9:5605E applies to Stanley's malpractice claims against Trinchard and it effectively converted the peremptive period applicable those claims to a prescriptive period.[16] Stanley asserts that Section 108(a) undoubtedly applies to prescriptive periods and, considering the fact that he filed his malpractice claims against Trinchard within the time periods set forth in Section 108(a), those claims are not time-barred.[17]

In his memorandum opposing Trinchard's motion for summary judgment, Stanley did not argue that Section 9:5605E converted the peremptive period applicable to his *malpractice claims against Trinchard* to a prescriptive period to which Section 108(a) applied.[18] Stanley could have asserted such argument, as it applies to his malpractice claims against Trinchard, when opposing Trinchard's motion for summary judgment.

As previously explained, motions for reconsideration are not the proper vehicle to rehash arguments that *could have been*

---

[16]Rec. Doc. No. 453-4, p. 8 (citing *Stanley v. Trinchard*, 500 F.3d 411, 431 (5th Cir. 2007)).

[17]*Id*. at p. 9.

[18]The Court notes that, in his opposition to Trinchard's motion for summary judgment, Stanley only referenced the Fifth Circuit's determination concerning his fraud allegation and Section 9:5605E in connection with his arguments concerning his vicarious liability claims. Rec. Doc. No. 414, 22. However, even with respect to those arguments, Stanley did not assert that Section 9:5605E converted the peremptive period set forth in Louisiana's legal malpractice statute to a prescriptive period.

asserted prior to the Court entering an order or judgment. Accordingly, the Court shall not now alter or amend its previous opinion based on Stanley's argument with respect to Section 9:5605E.

## 2. RECORD EVIDENCE

Stanley asserts that the Court erroneously concluded that the peremptive period applicable to Stanley's malpractice claims commenced no later than March, 2001, because the record evidence clearly establishes that the aforementioned peremptive period commenced in September, 2001.[19] In support of his argument, Stanley offers Hale's and Smith's deposition testimony which indicates that Hale was not advised of his potential malpractice claims against Trinchard until September, 2001, when he met with Smith for the second time.[20] Stanley also offers Hale's sworn affidavit, wherein

---

[19] Rec. Doc. No. 453-4, pp. 9-10.

[20] *Id.* at p. 10.  The portion of Hale's deposition that Stanley relies upon provides:

> Q: [Smith] was telling you before the trial that one way for Burge to collect on the judgment would be for you to turn around and sue your attorneys and the insurance company?
>
> HALE: He was saying that in the second meeting; this is the second meeting.  In the second meeting he is saying, here is the thing you can do and possibly gain, pay [Burge] and gain some financial restitution.  If you don't do it, then Im going to proceed without you and place me in the position Im in right now, in involuntary bankruptcy.

Rec. Doc. No. 453-6, p. 7 "Hale Depo. pp. 114-115."

The portion of Smith's deposition that Stanley relies upon provides:

> Q: In the very first sentence you say, I am very sorry we were not able to reach an accommodation with regard to our efforts to try to find a way to pay the judgment my client has against you.

Hale swears that he was first advised of his potential claims, causes of action, and remedies against Trinchard on September 11, 2001, during a conversation with Smith.[21]

---

       What accommodations did you suggest to Mr. Hale in [the second] meeting?

SMITH:    I suggested that he should bring a claim against NNIC for bad faith and against the Trinchards for . . . legal malpractice, and that if you make a recovery, that would pay the judgment to Mr. Burge.

Rec. Doc. No. 453-9, p. 18 "Smith Depo. pp. 69-70."

(BREAK IN TRANSCRIPT)

Q:    You didn't know that Ms. Trinchard had previously represented NNIC?

SMITH:    I knew that.

Q:    You knew that Ms. Trinchard had previously filed an answer on behalf of NNIC?

SMITH:    Yes.

Q:    What about greater detail about the relationship with Trinchard & Trinchard and NNIC, what did you mean by that?

SMITH:    If [Hale] was aware that Ms. Trinchard had previously represented NNIC and then switched representation and picked up him and . . . the sheriff, Mr. Hale and the sheriff.

Q:    This is something you had known for –

SMITH:    Yes, prior to that.

Q:    – five or six years?

SMITH:    Yes.

Q:    And you're telling us today under oath that you never discussed these subjects with Mr. Hale before the trial in March, 2001?

SMITH:    Yes.

*Id.* "Smith Depo. pp. 71-72."

[21]Rec. Doc. No. 453-4.

In his affidavit, Hale swears to the following:

Throughout the entire series of event[s] described above, [Hale] believed that Ms. Trinchard and her law firm were in fact

10

Stanley's arguments notwithstanding, the specific portions of Hale's and Smith's depositions, as well as Hale's affidavit, presented herein, were neither referenced nor presented in connection with Trinchard's motion for summary judgment. Considering the fact that Stanley states that he previously presented the aforementioned evidence in connection with other motions,[22] he most certainly could have presented that evidence in connection with Trinchard's motion for summary judgment.

Just as a motion for reconsideration is not the proper vehicle to rehash arguments that could have been presented before the Court issues an order, it is also not the proper vehicle to rehash *evidence* that could previously have been provided to the Court. Accordingly, the Court shall not reconsider its previous opinion based on the evidence that Stanley presents herein.

### C. **TRINCHARD'S VICARIOUS LIABILITY BASED ON SCHELL'S CONDUCT**

"Louisiana law allows a plaintiff to bring suit against an

---

representing his interest in connection with the *Burge* case. This belief had been consistently fostered and encouraged by the verbal assurances and the conduct of Ms. Trinchard and her associates. He was first advised and informed of the conflicts of interest set out above, the true nature and scope of the [NNIC] coverage and policy limits, and his possible rights, claims, and causes of action and remedies relative to Ms. Trinchard, her law firm, and NNIC on September 11, 2001 during a conversation with Mark W. Smith, Esq..

Rec. Doc. No. 453-13, p. 7.

[22]Stanley states that the evidence presented herein was also presented as exhibits to Stanley's oppositions to the following motions: (1) Trinchard's motion for summary judgment on peremption and liability issues filed by Trinchard, Rec. Doc. No. 242 and (2) Trinchard's first motion for summary judgment, Rec. Doc. No. 4.  The Court notes, however, that it was unable to locate the aforementioned evidence in the record.

employer when the employee is dismissed, even when the employer's sole basis for liability is vicarious liability." *Bordelon v. Foster*, 2008 WL 482613, at *5 (E.D. La. Feb. 19, 2008). "The important caveat is that the suit must not be prescribed." *Id*.

As explained in this Court's order granting Trinchard's motion for summary judgment, Judge Livaudais previously held, and Stanley did not dispute, that the legal malpractice claims against Schell were perempted at the time Stanley added Schell as a defendant in February, 2004.[23] Considering the fact that Stanley alleged for the first time in February, 2004, after the malpractice claims against Schell were perempted, that Trinchard is vicariously liable for Schell's alleged misconduct, this Court held that Stanley's vicarious liability claims against Trinchard are time-barred.[24]

Stanley argues that the Court's holding is incorrect because, despite the fact that Stanley did not specifically mention Schell in his original complaint, he alleged facts sufficient to put Trinchard on notice that Stanley was seeking to hold Trinchard vicariously liable for the actions of Clare Trinchard and *any other employee* of the Trinchard law firm that worked on the "Burge file."[25] Stanley asserts that, in light of the fact that his original complaint was filed before the malpractice claims against

---

[23]Rec. Doc. No. 449, p. 12.

[24]*Id*.

[25]Rec. Doc. No. 453-4, p. 14.

Schell were perempted, Stanley's vicarious liability claims against Trinchard based on Schell's alleged misconduct are not time-barred.[26]  Alternatively, Stanley argues that even if the allegations in his original complaint were insufficient to notify Trinchard of vicarious liability claims based on Schell's conduct, his express assertion of those claims in his amended complaint in February, 2004, relates back to the original filing in April, 2002, and, therefore, they are not barred by peremption.[27]

Having thoroughly reviewed Stanley's original complaint, the Court finds it bereft of any allegation that would notify Trinchard that Stanley was seeking to hold it vicariously liable for the actions of any employee of the Trinchard law firm that worked on the "Burge file."  In that complaint, Stanley's claims for vicarious liability are *only* based on the alleged misconduct of Clare Trinchard.[28]  Accordingly, the allegations set forth in

---

[26]*Id*. at p. 15.

[27]*Id*.

[28]In his original complaint, Stanley, as Hale's bankruptcy trustee, alleged:

> Trinchard & Trinchard, L.L.C. is liable to Mr. Hale for the following non-exhaustive breaches of professional and fiduciary duty:
>
> a.  Failure to exercise adequate review and/or supervision of the actions of one of its owner, **Clare W. Trinchard, Esq.**;
> b.  Vicarious liability for the negligence/fault of **Ms. Trinchard**; and
> c.  Any and all other breaches of **her** duty to exercise reasonable professional case, skill, and diligence on Mr. Hale's behalf and/or to his detriment as may be demonstrated by the evidence adduced in this matter.

Stanley's original complaint do not convince the Court that it incorrectly determined that Stanley's vicarious liability claims that are based on Schell's alleged misconduct are time-barred.

Concerning Stanley's "relation back" argument, the Court previously determined that Stanley's amended complaint did not relate back to his original complaint, so as to salvage his vicarious liability claims based on Schell's alleged misconduct.[29] Considering the fact that Stanley has failed to provide new caselaw or evidence sufficient to establish that the Court's determination is incorrect, the Court shall not now revisit the issue and amend its previous findings.[30]

---

Rec. Doc. No. 1, p. 12, para. 34 (emphasis added).

[29] Rec. Doc. No. 449, p. 12 n. 18.

[30] In support of his "relation back" argument, Stanley attempts to distinguish *Bens Brothers, L.L.C. v. Fidelity Nat'l Prop. and Cas. Ins. Co.*, 2007 WL 3488205 (E.D. La. Nov. 13, 2007) and *Robin v. Allstate Ins. Co.*, 844 So. 2d 41(La. App. 3 Cir. 2003), cases relied upon by the Court in rendering its prior decision, from the facts in this case. Rec. Doc. No. 453-4, p. 16. Before rendering its opinion with respect to Trinchard's motion for summary judgment, the Court thoroughly considered the facts of *Bens* and *Robin* as compared to the facts of this case and it found those cases and the principles espoused therein to be persuasive authority.
Stanley also relies on *Langlinais v. Guillotte*, 407 So. 2d 1215 (La. 1981), wherein the Louisiana Supreme Court permitted an amended petition asserting claims for vicarious liability to relate back to the original petition after the prescriptive period applicable in that case had expired. However, *Langlinais* is hardly persuasive authority considering the fact that the conduct which formed the basis of the vicarious liability claims in that case was subject to a **prescriptive period**, whereas, the conduct which forms the basis of Stanley's vicarious liability claims, i.e, Schell's alleged malpractice, is subject to a peremptive period. This is a critical distinction. Louisiana law permits amended pleadings to "relate back" because the original pleading serves to interrupt prescription with respect to the subject matter raised in the amended pleading. *Robin*, 844 So. 2d at 50. Since a peremptive period cannot be interrupted, an original pleading cannot serve to interrupt or delay the peremptive period applicable to claims asserted for the first time in an amended pleading. *See, e.g., Id.*. Therefore, "'a supplemental petition filed after a peremptive period has run does not relate back to the time of filing of the original petition.'" *Bens*

Accordingly,

**IT IS ORDERED** that Stanley's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, August 25, 2008.

_____
              **LANCE M. AFRICK**
       **UNITED STATES DISTRICT JUDGE**

---

*Brothers*, 2007 WL 3488205 at *3 (quoting *Robin*, 844 So. 2d at 49).