MINUTE ENTRY
AFRICK, J.
AUGUST 28, 2008
JS-10 00:5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| H.S. STANLEY, JR., *in his capacity as Trustee of the Bankruptcy Estate of GARY EUGENE HALE* | CIVIL ACTION |
| versus | No. 02-1235 |
| CLARE W. TRINCHARD, ESQ., *et al.* | SECTION: "I"/1 |

A status conference was held on this date by telephone. Participating were:

> BRUCE A. CRANNER, Esq.,
> MICHAEL H. PINKERTON, Esq.,
> GUSTAVE A. FRITCHIE, III, Esq.,
> NANCY J. MARSHALL, Esq., and
> ELLIOT LONKER, Esq..

By consent of all parties,

**IT IS ORDERED** that plaintiff's, H.S. Stanley Jr.'s ("Stanley"), motion for entry of final judgment with respect to defendants, Clare W. Trinchard, Esq., Trinchard & Trinchard, L.L.C., and Clarendon National Insurance Company (collectively "Trinchard") is **GRANTED**. This court has determined that there is no just reason for delay in the entry of a final judgment regarding this Court's grant of Trinchard's motion for summary judgment and, as such, all claims against Trinchard are **DISMISSED WITH PREJUDICE** and a final judgment is expressly entered by this Court as to

Trinchard pursuant to Rule 54(b) Federal Rules of Civil Procedure, for the following reasons:

> Rule 54(b) provides, in pertinent part:
>
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Fifth Circuit has held that "[o]ne of the primary policies behind requiring a justification for a Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *Ichinose v. Travelers Flood Insurance*, 2007 WL 1799673, at *2 (E.D. La. June21, 2007) (Vance, J.) (quoting Ichinose).  It is within the sound discretion of the district court to determine whether "there is no just reason for delay," which is the threshold inquiry for the district court.  *Ichinose*, 2007 WL 1799673, at *2; see *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).  The court should grant certification "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *Id*.

The court's ruling on Trinchard's motion for summary judgment operates to dismiss fewer than all of the defendants named in the above-captioned matter.  As such, the procedural posture of this case falls within the ambit of Rule 54(b), as the parties have

requested certification of this Court's ruling which has dismissed only three of the parties from this litigation.

The following issues are critical in this litigation: (1) whether Section 108(a) of the Federal Bankruptcy Code preempts the peremptive periods set forth in Louisiana's legal malpractice statute; (2) whether Stanley's vicarious liability claims against Trinchard based on the alleged malpractice of its associate, Lea Ann Schell, are time-barred; and (3) whether Stanley's malpractice claims against Trinchard are time-barred.  The Court's ruling dismisses all of Stanley's claims against Trinchard, leaving Northwestern National Insurance Company of Milwaukee, Wisconsin as the only viable defendant in this litigation.

The "danger of hardship or injustice through delay," which is discussed by the *Ichinose* court, is readily apparent in the instant matter.  Should the Fifth Circuit reverse this Court's decision regarding Trinchard, another extended trial would be required at considerable time, expense, and repeated use of judicial resources. The Court finds that certification for immediate appeal is in the best interest of all the parties, and there are no just reasons which would weigh against entry of final judgment regarding the ruling on Trinchard's motion for summary judgment.

**IT IS FURTHER ORDERED** that the above-captioned matter be **STAYED** and **ADMINISTRATIVELY CLOSED**, to be reopened by any party pursuant to a written motion, to be filed no later than **30 days**

following the Fifth Circuit's final judgment with regard to Trinchard should the Fifth Circuit choose to review the issues certified herein.

New Orleans, Louisiana, August 29, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE