**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

H.S. STANLEY, JR, in his capacity as                         CIVIL ACTION
Trustee of the Bankruptcy of GARY
EUGENE HALE, ET AL.                                          No. 02-1235

VERSUS                                                       SECTION I

CLAIRE W. TRINCHARD, ESQ., ET AL.

## ORDER AND REASONS

Defendants, Armco Insurance Group, Inc., Armco Financial Services Corporation,

AFSG Holdings Company, Inc., AKS Investments, Inc., and AK Steel Corporation ("AK

defendants"), have filed a motion for reconsideration of this Court's order denying in part the

AK defendants' motion to dismiss. The plaintiff has opposed the motion for reconsideration. For

the following reasons, the motion[1] for reconsideration is **DENIED**.

The AK defendants request reconsideration pursuant to Rule 54(b) of this Court's order

denying in part the AK defendants' motion to dismiss. As explained by the court in *Castrillo v.*

*American Home Mortg. Servicing, Inc.*:

> Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates
> fewer than all the claims among all the parties "may be revised at any time"
> before the entry of a final judgment. Fed. R. Civ. P. 54(b). As Rule 54 recognizes,
> a district court "possesses the inherent procedural power to reconsider, rescind, or
> modify an interlocutory order for cause seen by it to be sufficient." *Melancon v.*
> *Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981). Although the district court's
> discretion in this regard is broad [*see Calpetco 1981 v. Marshall Exploration*,
> Inc., 989 F.2d 1408, 1414-15 (5th Cir.1993)], it is exercised sparingly in order to
> forestall the perpetual reexamination of orders and the resulting burdens and
> delays. *See, e.g.*, 18b Charles A. Wright et al., Fed. Prac. & Proc. § 4478.1 (2d
> ed. 2002).

---

[1]R. Doc. No. 133.

2010 WL 1424398 at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

As stated in *Castrillo,* "[t]he general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. Although there may be circumstances in which a different standard would be appropriate, the present motion does not present them." *Id.* at *4.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (*In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989).

In their motion requesting reconsideration of this Court's August 2, 2010 order, the AK defendants essentially seek to reargue their motion to dismiss. As stated, a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the order. *Simon,* 891 F.2d at 1159.

Accordingly,

**IT IS ORDERED** that the motion[2] for reconsideration is **DENIED.**

New Orleans, Louisiana, August 13, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[2]R. Doc. No. 630.

2