UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **H.S. STANLEY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 02-1235** |
| **CLARE W. TRINCHARD, ET AL.** | **SECTION I/1** |

### ORDER

Before this Court is defendant Northwestern National Insurance Company of Milwaukee, Wisconsin's ("NNIC") motion[1] to appeal the order[2] of the U.S. Magistrate Judge denying NNIC's motion for leave to file a third-party complaint against Gerald Burge ("Burge"). On September 9, 2010, U.S. Magistrate Judge Shushan denied plaintiff's motion on grounds that "NNIC's motion for leave to file third-party complaint is not timely."[3]

Pursuant to Federal Rule of Civil Procedure 72(a), nondispositive pretrial matters decided by the magistrate may be appealed to the district judge. The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). After reviewing the U.S. Magistrate Judge's order, this Court finds that the denial of motion for leave to file third-party complaint was not clearly erroneous or contrary to law.

Rule 14(a) of the Federal Rules of Civil Procedure provides that unless a defendant files

---

[1] R. Doc. No. 656.

[2] R. Doc. No. 653.

[3] R. Doc. No. 135.

its third-party complaint within 14 days of serving its original answer, it must obtain the court's leave. See Fed. R. Civ. P. 14(a).  On May 6, 2010, this Court continued the pre-trial conference and trial dates and informed the parties that "the motions deadline shall not be extended and that all pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **Wednesday, July 7, 2010**." (alteration in original).[4]  On June 24, 2010, this Court issued an order stating that "the Court will not extend the deadline to amend pleadings or the motions deadline."[5]  NNIC filed its original answer[6] on April 7, 2004, so it was required to seek leave to file a third-party complaint when it filed its motion on August 24, 2010.

NNIC argues that because its proposed third-party complaint is not an amended pleading, the Court's pleading deadline is inapplicable to its motion for leave.  Even assuming that filing a third-party complaint does not constitute an amended pleading, NNIC is required to show good cause for not complying with the Court's scheduling order because its motion for leave was filed after the motions deadline.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); see also Tunica-Biloxi Indians of Louisiana v. Pecot, 227 F.R.D. 271, 276 (W.D. La. March 9, 2005) (because defendant's motion for leave to file a third-party complaint pursuant to Rule 14(a) was filed after the joinder deadline, "it was also required to show 'good cause' why the [scheduling order] should be modified through leave of court.").  "The good cause standard requires the party seeking relief to show that the deadlines cannot

---

[4] R. Doc. No. 554.

[5] R. Doc. No. 600.

[6] R. Doc. No. 56.

reasonably be met despite the diligence of the party needing the extension." S&W Ent., L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks omitted).  In making such Rule 16 determinations, the trial court is afforded "broad discretion to preserve the integrity and purpose of the pretrial order, which, toward the end of court efficiency, is to expedite pretrial procedure." Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979).

In her order, the magistrate judge noted that NNIC did not provide an explanation or justification for not seeking leave to file a third-party complaint at an earlier stage in the proceeding.[7]  This Court similarly finds that NNIC has made no showing that the motions deadline could not have reasonably been met despite its diligence.  Since NNIC has not shown good cause to excuse its non-compliance with the Court's motions deadline, it was not clearly erroneous or contrary to law for the magistrate judge to exercise her discretion in denying NNIC leave to file a third-party complaint.[8]

Accordingly,

**IT IS ORDERED** that defendant's appeal of the Magistrate Judge's order is **DENIED**.

New Orleans, Louisiana, October 15, 2010.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. No. 653, p.3.

[8] NNIC makes a number of arguments seeking to rebut other objections made by plaintiff in her original opposition, even though the Magistrate Judge not only did not rely on those objections in arriving at her decision, but also clearly disagreed with them.  Therefore, the Court need not address these arguments.